## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

CHILD DOE 1, a Minor, by and
through PARENT DOE 1, et al.,

                **Plaintiff,**

v.

TULSA COUNTY, ex. rel.
JUVENILE BUREAU OF HE
TULSA COUNTY DISTRICT
COURT, et al.,

                **Defendants.**

Case No. 24-CV-00380-SEH

## <u>OPINION AND ORDER</u>

Now before the Court are two related motions filed by the plaintiffs. First, the plaintiffs' request leave to file a third amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. [ECF No. 109]. Defendants Turn Key Health Clinics, LLC, Mandi Raymond, State of Oklahoma ex rel. Office of Juvenile Affairs ("OJA"), Jeffrey Cartmell, Rachel Holt and Ben Brown do not object to the plaintiffs' request. [ECF No. 159]. Defendants Board of County Commissioners of Tulsa County ("BOCC") [ECF No. 161], Tulsa County ex rel. the Juvenile Bureau of the Tulsa County District Court,

and Judge Kevin Gray[1] ("Juvenile Bureau defendants") [ECF No. 160] filed objections to Plaintiffs' request, and Plaintiffs subsequently filed a reply [ECF No. 169]. Plaintiffs seek to file a third amended complaint to add seven plaintiffs and four defendants to the existing case, as well as to add new factual allegations.

Second, Plaintiffs request leave to proceed under pseudonyms. [ECF No. 170]. The Juvenile Bureau defendants, BOCC, Turn Key, and individual defendants Raymond, Edwards, Williams, Currington, Tunley, Wilson, Powell, Lavine, Gray and Harris object to Child Does 4–9, 12–16, 21–30 and adult plaintiff Jane Doe 2, John Doe 1, and John Doe 2 proceeding under pseudonym, but do not object to Child Does 1–3, 10–11 and Jane Doe 1 proceeding under pseudonym. [ECF No. 174 at 6]. Defendants argue that Child Does 4–9, 12–16 and 21–30 should be required to proceed using initials as required by Rule 5.2(a)(3) of the Federal Rules of Civil Procedure. [*Id*. at 11].

## I. Background

The pseudonymously named plaintiffs are or have been incarcerated at the Juvenile Detention Center in Tulsa, Oklahoma—a place none of them would

---

[1] The plaintiffs initially asserted that Judge Gray had no objection to the amendment, but he subsequently filed an objection to the plaintiffs' motion jointly with the Juvenile Bureau.

have been but for incarceration related to a juvenile adjudication in state court. [ECF No. 31 at 5–8]. The plaintiffs allege that they suffered inhumane treatment while in the JDC, including excessive room confinement, medical neglect, physical abuse, harassment, sexual assault and rape. [*Id.*]. In May of 2024, the plaintiffs filed the initial Complaint. [*Id.*]. The current and operative Second Amended Complaint alleges violations of the Eighth and Fourteenth Amendments, a failure to intervene claim under 42 U.S.C. § 1983, breach of third-party beneficiary contract, negligence, and negligent hiring, training, supervision, retention and maintenance. [ECF No. 31]. The plaintiffs have also filed a request for injunctive relief and an emergency motion for preliminary injunction to preclude witness tampering by defendants. [ECF No. 24]. This includes a request that all plaintiffs currently incarcerated at the JDC be released in favor of house arrest. [*Id.*].

## II. Applicable Standards

Under Rule 15 of the Federal Rules of Civil Procedure, plaintiffs who can neither amend as a matter of course nor obtain consent from opposing parties must obtain leave from the Court before filing an amended complaint. Such leave should freely be given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to grant such leave is within the discretion of the trial court, which may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party, or futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

No federal rule or statute permits individuals to use a pseudonym, but "there is a long tradition in the federal courts of plaintiffs bringing suit under an alias." *Speech First, Inc. v. Shrum*, 92 F.4th 947, 950 (10th Cir. 2024). Given the lack of rule or statute, the Tenth Circuit has described pleading under pseudonym as "an unusual procedure" allowed only when an important privacy interest is recognized. *M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998). The "cloak of anonymity" provided by a pseudonym can only be granted by the district court when it finds exceptional circumstances justify the request. *Id.* Such exceptional circumstances may arise in "cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)). A decision to permit a party to proceed pseudonymously is reviewed for an abuse of discretion. *Id.*

## III. Motion for leave to Amend

### a. Undue Prejudice

Plaintiffs argue that because this litigation remains in early stages, with no defendant having yet filed a responsive pleading and no scheduling order

having been entered, there is no prejudice to defendants if plaintiffs file a third amended complaint. [ECF No. 109 at 3]. According to plaintiffs, the media coverage of their lawsuit brought new information and new plaintiffs to light that were previously unknown and could not have been discovered earlier. [ECF No. 109 at 2]. They further argue that the changes to the Second Amended Complaint are factually connected to previous claims, and that claims brought by new plaintiffs "arise out of the same constitutional violations as the current Plaintiffs and involve common questions of law and fact." [*Id.* at 4–5]. Under this logic, the amendment does not raise any new issues but only increases the number of plaintiffs bringing related claims. Thus, the Plaintiffs claim the filing of a third amended complaint would not unduly prejudice the defendants.

The Juvenile Bureau defendants take issue with this characterization. While admitting that the proposed Third Amended Complaint does contain new plaintiffs with new claims, Defendants point out that it also adds four new defendants and new allegations against previously named defendants. [ECF No. 160 at 2]. Piling on new claims, plaintiffs, and defendants clearly will cause delay, according to Juvenile Bureau defendants, and the new factual allegations against existing defendants create undue prejudice against them. [*Id.* at 2–3]. Juvenile Bureau defendants also request that

plaintiffs be required to pay "a reasonable fee" that compensates defendants for previously filed responsive motions. [*Id.* at 3].

"Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993)). "Typically, courts will find prejudice only when an amendment unfairly affects non-movants in terms of preparing their response to the amendment." *Id.* at 1229 (cleaned up).

No answers have been filed by the defendants, and the parties do not appear to be engaged in discovery. While any amendment now may cause some delay, the defendants have not shown that prejudice would result from the filing of the Third Amended Complaint. There simply have not been sufficient facts even alleged by the defendants to overcome the directive that district courts "freely give" leave for amendment when justice so requires it. F.R.C.P. 15(a)(2).

### b. Futility

All objecting defendants argue that the plaintiffs should not receive leave to amend their Complaint because filing such an amendment would be futile. Under Defendants' logic, the Third Amended Complaint would be doomed to

6

dismissal, as were the other previous complaints, because the district court cannot exert jurisdiction over unnamed parties when plaintiffs failed to obtain the court's permission to proceed under pseudonyms. [ECF No. 161 at 1–2; ECF No. 160 at 1]. Federal Rule of Civil Procedure 10 provides that a complaint "must name all the parties," and Rule 17 requires all actions to be "prosecuted in the name of the real party in interest." Fed. R. Civ. P. 10(a), 17(a). Rule 5.2(a) of the Federal Rules of Civil Procedure requires that the names of individuals known to be minors be listed by initials only. There is no process outlined in either the federal rules or in statute that would permit a party to proceed under pseudonym.

Every version of the Complaint, including the Third Amended Complaint, lacks even a single plaintiff proceeding under his or her own name.[2] [ECF No. 170]. As of the date the objecting defendants filed their responses to the motion for leave to amend, Plaintiffs had not petitioned the Court to proceed with pseudonyms so no mechanism for possible "cure" of the pseudonym issue was evident. However, contemporaneous with the filing of their reply,

---

[2] Four separate classes of "Doe" parties are set forth: minor plaintiffs, adult plaintiffs who allegedly suffered abuse or harm as minors while incarcerated at the Juvenile Detention Facility, adult plaintiffs who are parents of minor plaintiffs, and unknown defendants. To add to the potential confusion, sometimes the same pseudonym will refer to two individuals. For example, "Jane Doe" refers to a plaintiff in one part of the Complaint, but in other places in the Complaint "Jane Doe" refers to a defendant. However, generally, it is possible to determine which "Doe" is being referenced based on context.

Plaintiffs filed a motion to proceed under pseudonyms. [ECF No. 170]. The futility arguments made by the defendants in response to the motion for leave to amend and the plaintiffs' motion to proceed under pseudonym have become so interrelated that they warrant joint consideration.

The defendants argue that the issues created by proceeding under pseudonym from the outset without leave are both jurisdictional and incurable. The Court disagrees. Although the Tenth Circuit has held that failure to obtain leave before proceeding under pseudonym creates a jurisdictional defect, it has not concluded that such a defect is incurable. Defendants' reliance on *W.N.J. v. Yocom* is misplaced. In *W.N.J. v. Yocom*, several unmarried residents of Utah challenged the state's laws forbidding fornication and sodomy by unmarried, heterosexual adults. 257 F.3d 1171, 1172 (10th Cir. 2001). The plaintiffs in that case, as in the instant case, filed their action under pseudonym without asking for or receiving the permission of the district court. *Id*. After the case was dismissed by the district court on other grounds and while it was on appeal, a magistrate judge granted the plaintiffs leave to proceed using pseudonyms and backdated the order to make it effective as of the date the original case was filed. *Id*. The Tenth Circuit determined that an order nunc pro tunc could not be used to cure a jurisdictional defect "after an appeal has been filed since, as a general matter, a district court loses jurisdiction over a case once a notice of appeal

8

has been filed." *Id.* at 1172–73. Therefore, the district court lacked

jurisdiction to cure the defect while the case was pending appeal. *Id.*

In *Nat'l Commodity & Barter Ass'n v. Gibbs*, the Tenth Circuit held that

federal courts lack jurisdiction over unnamed parties who have not sought

permission to proceed under pseudonym:

> In this case, the unnamed plaintiffs **have made no request to
> the district court for permission to proceed anonymously,
> nor have they otherwise disclosed their identities to the
> court or to the defendants**. Absent permission by the district
> court to proceed anonymously, and under such other conditions
> as the court may impose (such as requiring disclosure of their
> true identity under seal), the federal courts lack jurisdiction over
> the unnamed parties, as a case has not been commenced with
> respect to them.

*Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir.

1989) (emphasis added); *see also M.A.C. v. Gildner*, 853 F. App'x 207, 210

(10th Cir. 2021) (explaining that this holding from *Gibbs* "is still the law of

the circuit" and affirming dismissal for lack of subject-matter jurisdiction

where a plaintiff did not seek leave to proceed under pseudonym).

However, the Tenth Circuit has not plainly stated whether this

jurisdictional defect is curable. Other district court judges have noted there is

"persuasive case law [that] supports finding the defect curable." *Doe v. Weber

State Univ.*, No. 20-CV-00054-TC-DAO, 2021 WL 5042849, at *1 (D. Utah

Oct. 29, 2021). In *Doe v. Farmington Municipal Schools*, a New Mexico

district court judge observed: *"Gibbs* … did not directly address when a party

seeking to proceed anonymously must get permission from the district court. In addition, what *Gibbs* did say suggests that such permission might properly be obtained after the complaint is filed." No. CV 21-103 SCY/KK, 2021 WL 139077, at *1 (D.N.M. April 13, 2021) (citing *Gibbs*, 886 F.2d at 1245).

Although the Tenth Circuit observed in *W.N.J. v. Yocom* that "[w]hen a party wishes to file a case anonymously or under a pseudonym, it must first petition the district court for permission to do so" the statement is dicta, because the plaintiffs in *Yocom* never requested permission to proceed under pseudonym.[3] 257 F.3d at 1172. A Kansas district court judge found that resolving a jurisdictional defect caused by unapproved use of a pseudonym was a straightforward matter:

> [A] proper reading of both [*Gibbs*] and *Yocom* reaffirms the law originally stated in [*Gibbs*] that a case is not commenced with respect to unnamed parties unless and until the district court grants permission for the parties to proceed anonymously and the parties comply with any such conditions the court may impose, such as disclosing their true identities under seal.

---

[3] Other cases cited by the defendants have the same issue. In those cases, the party seeking to proceed under pseudonym had not requested leave from the court to do so. "True, we have in certain limited circumstances ... permitted a plaintiff to proceed using a fictitious name. But in those circumstances—which don't exist here—the parties must make a request to the district court for permission to proceed anonymously." *United States ex rel. Little v. Triumph Gear Sys., Inc.*, 870 F.3d 1242, 1249 (10th Cir. 2017) (cleaned up).

*GEICO Gen. Ins. Co. v. M.O.*, No. 21-2164-DDC-ADM, 2021 WL 4476783, at
*5 (D. Kan. Sept. 30, 2021). Ultimately, compliance with its orders regarding
use of pseudonyms cured the jurisdictional defect. *Id*.

The Court finds this reasoning persuasive. Nothing in Tenth Circuit
jurisprudence requires wholesale dismissal without prejudice in this
circumstance. Here, Defendants concede that at least some plaintiffs are
entitled to proceed under pseudonym. Permitting Plaintiffs an opportunity to
cure the defect is logical and consistent with Tenth Circuit precedent.
Because the failure to obtain leave to appear under pseudonym is
jurisdictional but may be cured by obtaining leave from the Court, resolving
the plaintiffs' motion for leave to proceed under pseudonym is the next step
in the Court's analysis. If the motion to proceed under pseudonym is granted,
then any jurisdictional defect would be cured, and the filing of the Third
Amended Complaint would not be futile and should be granted.

### c. *Request for leave to proceed under pseudonym*

The Tenth Circuit has recognized certain "exceptional circumstances"
when "the need for anonymity outweighs the presumption in favor of open
court proceedings." *Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182
F. App'x 810, 811 (10th Cir. 2006) (unpublished) (*Femedeer*, 227 F.3d 1244,
1246). These exceptional circumstances include matters involving a "highly
sensitive and personal nature, real danger of physical harm, or where the

11

injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Femedeer*, 227 F.3d at 1246. However, in determining whether to allow a plaintiff to proceed anonymously, the court also weighs the public's interest in access to court proceedings. *Raiser*, 182 F. App'x at 811.

"If a court grants permission, it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter." *Yocom*, 257 F.3d at 1172; *but cf. Casseaopeia v. Brown*, No. 22-cv-00251, 2022 WL 1606520, at *3 (D. Utah May 20, 2022) (noting the plaintiffs' argument that a § 2255 defendant is limited to addressing damages under 18 U.S.C. § 3664(l) and "[p]laintiffs' legal names would not assist his defense"); *Lily v. Little*, No. 23cv2283, 2023 WL 9007204, at *2 (S.D. Cal. Dec. 28, 2023) (noting the only issues in an 18 U.S.C. § 2255(a) action are "victimhood and damages," and plaintiff's legal name "has no bearing on those issues").

The Court finds exceptional circumstances warrant the need for Plaintiffs to proceed under pseudonym. Justification is rooted in the facts alleged in Plaintiffs' Complaint. The plaintiffs allege that they were abused, neglected and mistreated while they were being held in the JDC as adjudicated deprived or delinquent children. [ECF No. 170]. Simply revealing that the juveniles were detained at JDC has the potential to reveal information that

12

might be deemed confidential under Oklahoma law. *See* 10A O.S. § 2-6-102(A).

Of greater concern are the matters alleged in the Complaint, which run the gamut from medical neglect and assault to sexual abuse and rape. The defendants concede that the plaintiffs who pleaded rape or other physical sexual assault while they were minors in detention are entitled to proceed under a cloak of anonymity. [ECF No. 174 at 13]. This concession is appropriate, as courts have repeatedly found that child sexual abuse is a matter of a "highly sensitive and personal nature" such that it may justify proceeding under pseudonym. *See Does v. United States Olympic Comm.*, No. 19-CV-00737-PAB-KMT, 2019 WL 2992031, at *1 (D. Colo. July 9, 2019) (permitting minor and adult plaintiffs alleging sexual abuse to proceed under pseudonym); *S.S. as Next Friend of L.S. v. Napolitano*, No. 18-2491-CM, 2019 WL 316747, at *3 (D. Kan. Jan. 24, 2019) (allowing minor plaintiff alleging sexual assault to proceed under pseudonym); *Doe v. USD No. 237 Smith Ctr. Sch. Dist.*, No. 16-cv-2801-JWL-TJJ, 2017 WL 3839416, at *11 (D. Kan. Sept. 1, 2017) (allowing minor plaintiff alleging sexual harassment to proceed under pseudonym).

Defendants argue that juvenile plaintiffs who have not alleged a physical sexual assault should at least be identified by initials. [ECF No. 174 at 7]. They further argue that now-adult plaintiffs who were allegedly abused

during their minority should be required to appear under their legal names unless each can "demonstrate circumstances warranting complete anonymity" to proceed under their legal names. [*Id*.] However, the Court finds that the allegations in the Complaint make a compelling case that all Plaintiffs should be permitted to proceed by pseudonym.

The analysis begins with "the fundamental presupposition that it is the responsibility of judges to avoid secrecy, in camera hearings and the concealment of the judicial process from public view." *M.M.*, 139 F.3d at 800. Simple assault or an isolated instance of medical neglect will not be an extraordinary circumstance in every case, but each Plaintiffs' situation must be viewed in its context. The Court is not required to view a single instance of alleged abuse or neglect separately and discretely from the circumstances that surround the alleged abuse.

All the plaintiffs seeking to proceed under pseudonym are alleging abuse or neglect while in state custody for juvenile offenses. The Complaint alleges that the minors, while in detention, faced the threat of different types of abuse, including grooming-type behavior engaged in by Defendants to gain the trust and compliance of the minors. [ECF No. 109-2 at 40]. The specific allegations of misconduct and abuse by these minors against the adults responsible for them while in state custody are fraught with "matters of a highly sensitive and personal nature." *Raiser*, 127 F. App'x at 411. Most of

14

the allegations involve adults using their positions of power over minors to control and manipulate juveniles for the benefit of the adults. Although alleged victims of sexual assault have an even more compelling case for proceeding under pseudonym, the totality of the circumstances that affect all Plaintiffs may be classified as extraordinary.

The Court is persuaded that the need for anonymity of the minors (and those who recently attained adulthood) outweighs the public interest in favor of openness. Because Defendants must have sufficient information about the Plaintiffs to investigate the allegations and plan their defense, the Plaintiffs should identify themselves under seal to the Defendants and the Court.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Leave to Proceed Under Pseudonyms [ECF No. 170] is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs shall file a notice under seal disclosing their legal names on the record. Before filing this notice, Plaintiffs may seek entry of an appropriate protective order governing Defendants' access to and use of the sealed material (if any). The sealed notice or a motion for protective order shall be filed within 14 days of this Opinion and Order. If a motion for protective order is filed, Plaintiffs need not file the sealed notice until 14 days after resolution of that motion. For the notice, Plaintiffs are ordered to file a document under seal identifying each of the plaintiffs by name.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave to File Third Amended Complaint [ECF No. 109] is GRANTED.

DATED this 7th day of October, 2024.

_Sara Hill_

Sara E. Hill
UNITED STATES DISTRICT JUDGE