**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CHILD DOE 1, a minor, by and through parent and next friend, PARENT DOE 1, et al.,** | ) ) ) | |
| **Plaintiffs,** | ) ) ) | **Case No. 24-cv-380-SEH-JFJ** |
| **v.** | ) ) | |
| **TULSA COUNTY ex rel. JUVENILE BUREAU OF THE TULSA COUNTY DISTRICT COURT, et al.,** | ) ) ) ) | |
| **Defendants.** | ) ) | |

---

**REPLY IN SUPPORT OF MOTION TO DISIMSS THIRD AMENDED
COMPLAINT BY DEFENDANT DQUAN DOYLE**

---

**Submitted by:**
David R. Keesling, OBA No. 17881
Timothy S. Kittle, OBA No. 21979
Destyn D. Stanton, OBA No. 31718
**SOLOMON | ARIEH**
401 South Boston Avenue, Suite 2300
Tulsa, Oklahoma 74103
(539) 399-0982 – Telephone
dkeesling@solomon-arieh.com
tkittle@solomon-arieh.com
dstanton@solomon-arieh.com
***Attorneys for Defendant:***
***Dquan Doyle***

**PURSUANT TO** LCvR 7-1(f), Defendant Dquan Doyle, by and through his counsel of record, herein files his Reply to the Response in Opposition to Doyle's Motion to Dismiss Plaintiffs filed on March 20, 2025 (ECF 297).

**Plaintiff John Doe 3**:

In their Response in Opposition to Defendant Doyle's Motion to Dismiss, Plaintiffs note that Doyle did not address the allegation contained in Paragraph 94 of the TAC pertaining to Plaintiff John Doe 3. [1] However, consistent with their overall approach in formulating their arguments in this particular Response in Opposition, Plaintiffs opt to paraphrase the actual allegation contained in the TAC. [2] Defendant Doyle concedes that given the length, number of allegations, and number of defendants presented in the TAC, Doyle overlooked this singular allegation in his Motion to Dismiss.

Notwithstanding, this lone allegation concerning Plaintiff John Doe 3 fails to plausibly allege a constitutional violation on the part of Doyle. First, "The law recognizes that a prison guard's use of force against a prisoner does not always constitute a constitutional violation." *Stevenson v. Cordova*, No. No. 14-cv-00649-CBS, 2016 U.S. Dist. LEXIS 137726 at *47 (D. Colo. Oct. 4, 2016) (citing to *Sampley v. Ruettgers*, 704 F.2d 491, 494 (10th Cir. 1983)). Use of force is presumed to be a tool legitimately possessed, and at times utilized by, detention facility personnel: "The Supreme Court has acknowledged that corrections personnel are entitled to 'wide-ranging

---

[1] *Response, p. 4, fn. 1*.

[2] Plaintiffs state in their Response, "During this time, Doyle threatened to assault JOHN DOE 3 after physically attacking another juvenile resident in front of JOHN DOE 3." *Response, p. 4*. Notwithstanding the fact that this assertion, as phrased, can be logically construed to allege that Defendant Doyle threatened to threaten John Doe 3, the TAC actually alleged, "During JOHN DOE 3's detainment, Defendant Doyle threatened to 'beat [JOHN DOE 3's] ass,' which was particularly egregious, since JOHN DOE 3 personally observed Defendant Doyle physically assault another resident."

deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline.'" *Id.*, Fn. 11 (quoting *Whitely v. Albers*, 475 U.S. 312, 321-22 (1986)). The allegation – as actually stated in the TAC – provides no context to demonstrate that Doyle's verbal threat was outside the legitimate scope of Doyle's responsibilities as one tasked with overseeing individuals who were detained /incarcerated by the State of Oklahoma pursuant to violations of law committed by said individuals. Moreover, the allegation does not plead that Doyle used any measure of force against Plaintiff John Doe 3 – Doyle merely threatened to do so.

However, more problematic for Plaintiffs is the well-established law that holds that verbal threats, in and of themselves, "do not rise to the level of a constitutional violation." *Ortiz v. Torgenson*, No. 2:17-cv-328-TC, 2024 U.S. Dist. LEXIS 79471 at *22 (D. Utah April 30, 2024). See also *Borego v. Mathews*, No. 08–cv–00735–WYD–MJW, 2009 WL 812158 at *9 (D. Colo. March 26, 2009) ("[M]ere verbal threats and harassment, however, without more, do not state a claim of constitutional dimension"). *See also id*. (counting cases for the same precept) and *Gandara v. City of Westminster*, No. 1:20-cv-03298-SKC, 2023 U.S. Dist. LEXIS 71122 at *11 (D. Kan. April 24, 2023) (listing additional cases).  Paragraph 94 does nothing more than allege a verbal threat on the part of Doyle. As pleaded, no action was taken against Plaintiff John Doe 3, *i.e.*, no violation of John Doe 3's clearly established constitutional rights was stated in the TAC.

**Plaintiff Jane Doe 2**:

It is notable that the lone paragraph of the TAC Plaintiffs utilized in their Response to argue for violations of Plaintiff Jane Doe 2's constitutional rights on the part of Defendant Doyle is Paragraph 145. As set forth in Plaintiffs' Response in Opposition, Plaintiffs present the following to represent the at-issue allegation: "Requesting sexual contact and sending unsolicited pictures of his penis to Plaintiff JANE DOE 2 via text message." *Response, p. 4*. This simply misstates the

actual language of the allegation in the TAC, which reads as follows (and was precisely replicated in the Table of Allegations in Doyle's Motion to Dismiss): "At some point between June 2023 and August 2023, JANE DOE 2 was released for a period of time from custody. ***During her period of release***, Defendant Doyle sent JANE DOE 2 unprovoked messages requesting sex and sending a picture of his penis." (Emphasis added).

The problem for Plaintiffs in this allegation is obvious – the TAC plainly alleges that Doyle's conduct, as pertaining to Plaintiff Jane Doe 2, occurred while Plaintiff Jane Doe 2 was ***released from custody***. There can be no violation of an inmate's /detainee's constitutional rights, especially as to the detention facility's conditions, while the inmate /detainee is released from the confinement. *Davis v. Oklahoma*, No. CIV-11-1362-D, 2012 U.S. Dist. LEXIS 70500 at *19 (W.D. Okla. April 11, 2012) (citing to *Bell v. Wolfish*, 441 U.S. 520, 537 n. 16, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979) and *Shouse v. Price*, 294 Fed. Appx. 426, 427 (10th Cir. Sept. 30, 2008). Thus, as clearly delineated in Doyle's Motion to Dismiss, the TAC fails to allege that Defendant Doyle committed any torts of a constitutional cognizance against Plaintiff Jane Doe 2.

**Plaintiff Jane Doe 1**:

Plaintiffs acknowledge that Defendant Doyle, citing well-established and recently confirmed Tenth Circuit precedent, argued in his Motion to Dismiss that sexual contact, even in a detention facility, does not implicate the commission of a constitutional tort where the inmate /detainee conveys her consent to the conduct. *See Works v. Byers*, 128 F.4th 1156, 1162 (10th Cir. 2025) and *Graham v. Sheriff of Logan County*, 741 F.3d 1118, 1125-26 (10th Cir. 2013).  Instead

of effectively distinguishing these cases, Plaintiffs offer a response based in emotion: "This is absurd and distasteful, in equal measure." *Response, p. 5*. [3]

As Defendant Doyle presented in Section I of his Motion to Dismiss, the efficacy of a complaint is analyzed from what is contained within "four corners of the complaint." *Brown v. City of Tulsa*, 124 F.4th 1251, 1263 (10th Cir. 2025). All of Doyle's arguments emanated from taking the allegations of the TAC – as written – and then applying legal principles to assert that Plaintiffs failed to meet the applicable pleading standards under established federal case law. In response, Plaintiffs have attempted to recharacterize – or even misstate – their fact allegations contained in the TAC. [4] In doing so, Plaintiffs seek to add to or amend their TAC fact averments. "[A] deficient pleading cannot be remedied by providing new facts in a response opposing a motion to dismiss." *Smith v. Pizza Hut, Inc.*, 694 F.Supp.2d 1227, 1230 (D. Colo. 2010). *See also Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989) ("It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss").

This point is highlighted by the last sentence in footnote 5 of Plaintiffs' Response: "None of these facts are present in this case, at this stage of proceedings." This is precisely the point. A

---

[3] Plaintiffs also note in footnote 4 following that declaration that "No other Defendant has argued this defense at this stage of the proceedings." Assuming the accuracy of this assertion, it does not preclude Defendant Doyle from colorably arguing for dismissal of the claims alleged against him through the use of on-point authorities from the Circuit Court that oversees this District Court.

[4] *See, e.g.*, Plaintiffs' bullet point summaries of their allegations, particularly those concerning Jane Doe 1. *Response, p. 5*. (Doyle has described herein the issues with the manner in which Plaintiffs "restate" the first of those allegations pertaining to Jane Doe 2). Notably, Paragraph 146 of the TAC specifically states, "c. grabbed his penis in front of JANE DOE 1," and "f. told JANE DOE 1 to 'lift' her shirt and expose her breasts to him, to which she complied." Plaintiffs' Response contorts these two allegations to restate /amend as follows: "- Groping himself in front of Plaintiff JANE DOE 1 and attempting to get her touch him in return," and "- Demanding that Plaintiff JANE DOE 1 expose her breasts to him."

plaintiff "is the master of [her] complaint." *Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011). Consequently, it is within the Plaintiffs' power – and it is **Plaintiffs' obligation** – to plead sufficient facts (in their TAC, not their Response) to plausibly allege conduct that describes a violation of a clearly established constitutional right. This includes pleading the absence of consent on the part of Plaintiff Jane Doe 1. As Doyle articulated in his Motion to Dismiss, the TAC pleaded other fact allegations that strongly implied that Plaintiff Jane Doe 1 was a willing participant in a number of alleged acts involving JDC personnel. [5]

All of the above, including and especially the "four corners of the complaint" standard, apply with equal vigor to Plaintiffs' other Response arguments pertaining to Plaintiff Jane Doe 1. Even assuming the verbiage contained in the TAC accurately describes acts that could constitute crimes under the Oklahoma statutes, such descriptions do not necessarily articulate plausible violations of Plaintiff Jane Doe 1's constitutional rights. The violation of state law is "irrelevant as long as the standards developed under the Federal Constitution were not offended." *U.S. v. Green*, 178 F.3d 1099, 1105 (10th Cir. 1999).

**Child Doe 19**:

Plaintiffs employ the same ill-advised stratagem in their arguments pertaining to Plaintiff Child Doe 19. In their Response, Plaintiffs assert, "In late 2023, Doyle gave CHILD DOE 19 illegal drugs, namely marijuana, which caused CHILD DOE 19 to overdose and be taken to the hospital." *Response, p. 4*. However, the actual allegation, as contained in the TAC (and duplicated without alteration in Doyle's Table of Allegations), reads as follows:

> ***In the Fall 2023, Defendant Doyle gave CHILD DOE 19 pills to "help" CHILD DOE 19 sleep. Doyle gave CHILD DOE 19 <u>two white pills and two gummies</u>, which CHILD DOE***

---

[5] *See* MTD, p. 14, referring to the Table of Allegations found in Section D of the MTD. The specific allegations are found in Paragraphs 151, 320, and 324 of the TAC (as set forth in the Table).

> 19 *assumed contained marijuana*. Doyle also widely disseminated drugs to multiple juvenile residents at the same time. After consuming the pills and gummies provided by Doyle, CHILD DOE 19 went on an extended room confinement, along with the majority (if not entirely) of CHILD DOE 19's unit. Shortly thereafter, CHILD DOE 19's heart started racing and he began to vomit. Juvenile Bureau staff member, "Mr. Rick," came to discuss a previously-filed grievance with CHLD DOE 19. During this interaction, CHILD DOE 19 vomited again and passed out unconscious for more than 24 hours. CHILD DOE 19 *was later advised* that he was taken to the hospital, due to a drug overdose.

TAC, ¶ 125 (emphasis added). [6]

In recasting this allegation (instead of simply restating what was written), Plaintiffs amended the accusation from mere pills and gummies (things specifically provided to Child Doe 19 as opposed to other unnamed "juvenile residents") to positively asserting that these objects contained marijuana. Further, in footnote 2 to the Response, Plaintiffs assert that Doyle "alleg[ed] that [Doyle] merely gave CHILD DOE 19 sleeping pills." *Response, p. 5, fn. 2*. This is an abject misstatement of Doyle's argument. Doyle did nothing more than quote verbatim the TAC's allegation that Doyle provided to CHILD DOE 19 "pills to make him sleep." *See MTD, p. 11*. Doyle then points out the deficiencies in the TAC's pleading of facts, noting that neither the pills nor the gummies, in that specific paragraph, are specifically alleged to contain any unlawful substance.  Rather, Plaintiffs' Paragraph 125 describes circumstances but artfully avoids alleging that the objects alleged to have been given to Child Doe 19 by Defendant Doyle contained any specific substance. Moreover, Plaintiffs' argument in that footnote, designed to amend the plain verbiage of the TAC, cannot fill in the gaps the original pleading omitted. *See Smith v. Pizza Hut, Inc.*, 694 F.Supp.2d at 1230 and *Thomason v. Nachtrieb*, 888 F.2d at 1205, *supra*.

## CONCLUSION

---

[6] The presentation of the multiple allegations in Paragraph 125 arguably runs afoul of FED. R. CIV. P. 10(b): "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

In footnote 2 of Plaintiffs' Response in Opposition, Plaintiffs assert, "Doyle plays fast-and-loose with the allegations of the Third Amended Complaint . . ." This assertion is truly curious, given what has been demonstrated in the instant Reply regarding Plaintiffs' reconfiguring of their own TAC fact averments.  As Defendant Doyle has set forth herein, Plaintiffs routinely paraphrased or outright misstated ***their own*** TAC allegations in their Response. In the Table of Allegations presented in Defendant Doyle's Motion to Dismiss, [7] Doyle copied and pasted the at-issue allegations from the TAC, *i.e.*, the allegations addressed in the Motion to Dismiss were ***quoted verbatim from the TAC***. The tenor of Plaintiffs' Response indicates argument sounding in outrage (over the acts as alleged in the TAC) rather than addressing the law pertaining to pleadings. As Defendant Doyle articulated in his Motion to Dismiss, the analysis the Court must apply is whether plausible claims are alleged within "the four corners of the complaint."

At this stage of the litigation, the manner in which a complaint's allegations are pleaded is what is at issue.  The instant matter has been filed in federal court, meaning that the pleading standards are a bit more rigorous than Oklahoma's "notice pleading." *See Edelen v. Board of Commissioners,* 2011 OK CIV APP 116, ¶3 266 P.3d 660 (Oklahoma has not adopted the federal "plausibility" standard).  Matters filed before this Court are mandated to present facts that plausibly allege violations of constitutional rights.

In his Motion to Dismiss, Defendant Doyle simply presented apposite authorities to demonstrate that the TAC's allegations pertaining to Doyle, ***as pleaded***, failed to meet the federal plausibility standard.  In response, Plaintiffs made an emotional, rather than a legal appeal, focusing on the scandalous nature of what their allegations could be read to imply but frequently

---

[7] ECF 296, pp. 15-20.

failed to effectively articulate. While such argument may prove useful in persuading a jury, moral outrage is not a substitute for cognizable legal argument. [8] At this juncture, legal principles, rather than the storyline, are what matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant Dquan Doyle prays the Court will dismiss entirely and with prejudice all of the claims alleged against him in the TAC, as well as grant to Defendant Doyle any further relief the Court deems appropriate.

Respectfully submitted,

SOLOMON | ARIEH

/s/ Timothy S. Kittle
David R. Keesling, OBA No. 17881
Timothy S. Kittle, OBA No. 21979
Destyn D. Stanton, OBA No. 31718
401 South Boston Avenue, Suite 2300*
Tulsa, Oklahoma 74103
(539) 399-0082 – Telephone
dkeesling@solomon-arieh.com
tkittle@solomon-arieh.com
dstanton@solomon-arieh.com
***Attorneys for Defendant:***
***Dquan Doyle***

*Address change (suite number) effective March 20, 2025.*

---

[8] Even in that context, mischaracterizing or misstating facts cannot be utilized to further a litigant's case. *See, e.g., Young v. Correctional Healthcare Companies, Inc.*, 721 F.Supp.3d 1209, 1241-43 (N.D. Okla. 2024).

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of April, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Donald E. Smolen II                     Joel L. Wohlgemuth
Michael F. Smith                        Jo Lynn Jeter
Chris U. Brecht                         Hanna F. Roberts
John W. Warren                          David J. Anderson
Chris Mochulsky                         Alexandra Gabrielle Ah Loy
Dustin J. Vanderhoof                    Bryan Chance Holland
Jeffrey C. Hendrickson                  Jessica L. Dark
Guy Fortney                             Ryan Nigh
Katie A. McDaniel                       Keith A. Wilkes


/s/ Timothy S. Kittle