**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CHILD DOE 1, a minor, by and through parent and next friend, PARENT DOE 1, *et al*.,** | ) | |
| **Plaintiffs,** | ) | **Case No. 24-cv-00380-SEH-JFJ** |
| **v.** | ) | |
| **TULSA COUNTY, *ex rel.* JUVENILE BUREAU OF THE TULSA COUNTY DISTRICT COURT, *et al.*,** | ) | |
| **Defendants.** | ) | |

**DEFENDANT JUDGE KEVIN GRAY'S RESPONSE TO PLAINTIFFS' MOTION TO SET RULE 26(F) CONFERENCE**

Defendant Judge Kevin Gray ("Judge Gray"), by and through his attorneys, Brewster & De Angelis, P.L.L.C., respectfully submits this Response to *Plaintiffs' Motion to Set Rule 26(F) Conference.* Dkt. 315. Given the current posture of the matter and the numerous pending motions to dismiss including Judge Kevin Gray's asserting both 11th Amendment and qualified immunity, the request should be denied until resolution of the pending motions.

**I. Posture of the Case**

On October 10, 2024, Plaintiffs filed a *Third* Amended Complaint (TAC). Dkt. 176. The TAC names twenty-seven (27) (or thirty-seven (37)) anonymous Plaintiffs, including both minors and adults, make allegations against fifty-one (51) Defendants. The allegations of the 27 Plaintiffs concern the actions of up to 32 subordinate detention officers and three nurses. The collective allegations by an unwieldy number of disconnected plaintiffs and claims against a similar number of defendants fails to meet the pleading standards set forth in *Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008) and *Schneider v. City of Grand Junction Police Dep't,* 717 F.3d 760 (10th Cir. 2013).

Defendant Judge Kevin Gray and a number of Defendants have filed numerous motions to dismiss. Defendant Gray's Motion to Dismiss filed on November 11, 2024 asserted both 11th Amendment and Qualified Immunity. Dkt. 218. All of the motions to dismiss are pending before the court. Prior to resolution of the pending motions, Plaintiffs request a Rule 26(F) Discovery Conference as a necessary prelude to discovery of this matter. The request should be denied.

**II. Argument and Authorities**

The law on this matter treads a well-known path – Qualified immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S. Ct. 2806, 2815, 86 L. Ed. 2d 411 (1985). "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert v. Gilley,* 500 U.S. 226, 232, 111 S. Ct. 1789, 1793, 114 L. Ed. 2d 277 (1991). Once qualified immunity is asserted by a defendant, "[u]ntil [the] threshold immunity question is resolved, discovery should not be allowed. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982). Plaintiffs do not present the Court with any argument or authority to depart from these controlling cases.

Accordingly, discovery should not be allowed in this matter until resolution of the pending motions to dismiss on qualified immunity are resolved.

WHEREFORE, Judge Gray respectfully requests that this court deny *Plaintiffs' Motion to Set Rule 26(F) Conference.*

Respectfully submitted,

/s/Guy A. Fortney
Guy A. Fortney, OBA #17027
BREWSTER & DE ANGELIS
2617 E. 21st Street
Tulsa, Oklahoma 74114
Telephone: (918) 742-2021
gfortney@brewsterlaw.com
Attorneys for Defendant,
Kevin Gray

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of August, 2026, the foregoing was submitted to the Clerk of Court using the Court's ECF System for filing and for transmittal of a Notice of Electronic Filing to all counsel of record in this case.

/s/Guy A. Fortney